## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.:  24-22644-ABA |
| | Chapter:  13 |
| Robert Joseph Chester and Belinda Dawn Chester, | Hearing Date:  September 30, 2025 |
| Debtors. | Judge:  Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

After a state court entry of a judgment for possession, Debtors filed a chapter 7 bankruptcy case. The Debtors did not comply with 11 U.S.C. §362(l), the chapter 7 trustee abandoned the estate's interest in the rental property, the Debtors received their discharge, the creditor landlord obtained stay relief, the creditor landlord proceeded with eviction, and ultimately, the bankruptcy case was closed. The Debtor reopened their chapter 7 bankruptcy case and filed a Motion seeking to have the court retroactively reimpose the stay to a time when the automatic stay did not exist and find that creditor landlord violated the automatic stay and to award sanctions against that creditor. Finding that: (1) the Debtors failed to abide by section 362(l) thereby immediately terminating the automatic stay as to the creditor landlord; (2) nevertheless, that the automatic stay terminated by operation of law; (3) the court also having granted the creditor relief from the automatic stay to proceed with the eviction; and (4) the Debtors failing to meet their burden that the creditor's conduct violated the automatic stay, the court declines to grant the extraordinary relief requested as it has no authority to reimpose the automatic stay retroactively and it cannot use its equitable powers to correct what the Debtors believe is a harsh result due to the operation of the law. Consequently, the Motion is DENIED.

## JURISDICTION AND VENUE

This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), and (O) and the court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334, 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 506, 542, 544, 550 and Bankruptcy Rule 7001. Pursuant to Federal Rule of Bankruptcy Procedure 7052, the court issues the following findings of fact and conclusions of law.

## PROCEDUARAL HISTORY AND FACTS

Before the court is the to *Motion to Enforce The Automatic Stay Against Creditor Galloway Apartments And Award Damages To The Debtors For The Automatic Stay Violation*, Doc. No. 62 (the "Motion"), filed by the Debtors Robert Joseph Chester and Belinda Dawn Chester (the "Debtors") against Galloway Apartments, LP, t/a The Woods at Blue Heron Pines, ("Galloway"). Galloway filed opposition to the Motion. Doc. No. 75. The Debtors filed no response to Galloway's opposition. A hearing was conducted on September 30, 2025 at which time the Debtors and Galloway appeared and made arguments. In their original pleadings, the Debtors declared that they would file amendments to the Motion. None were filed. The hearing has concluded and the record is closed. The matter is ripe for disposition.

The relevant facts are: the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 26, 2024. The Debtors received a discharge on April 4, 2025. The Debtors admit that the automatic stay was only in effect until they received their discharge (although the Debtors mistakenly state April 7, 2025 as the date the automatic stay was in effect until).[1] Their bankruptcy case was closed on June 11, 2025.

*After* discharge and prior to the closing of the case, on May 1, 2025, Galloway filed its *Motion for Relief from the Automatic Stay Pursuant To 11 U.S.C. § 362(d) To Proceed With State Court Ejectment Action Against Debtors* (the "Stay Motion"), Doc. No. 49, as to the Debtors' rental residence located at 1053 Bally Bunion Drive, Egg Harbor City, NJ 08215 (the "Property"). As support for its Stay Motion, Galloway noted that before the Debtors' bankruptcy filing, Galloway filed a complaint for possession in the Superior Court of New Jersey, Law Division, Special Civil Part, Landlord Tenant section under Docket No. ATL-LT-002120-24 (the "State Court Action"). After a trial of the State Court Action, the court entered a judgment for possession (the "Possession Judgment") in favor of Galloway. The Debtors confirmed the entry of the Possession Judgment on their bankruptcy Petition. Doc. No. 1., Part 2, p.3, §11. Following the entry of the Possession Judgment, execution was temporarily stayed on account of various motions, appeals, and/or applications for a stay requested by the Debtors. All requests were denied. Doc. No. 49, ¶¶ 8-24.[2] On May 27, 2025, this court entered its *Order Granting Motion Of Galloway Apartments For Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(c) And (d) To Proceed With State Court Ejectment Action Against Debtors*, (the "Stay Order"), Doc. No. 59, pursuant to which it was ordered, *inter alia*:

> 1. The relief requested in the Motion is GRANTED as set forth herein.
>
> 2. The automatic stay under 11 U.S.C. § 362(c) and (d) is hereby lifted and modified for the sole purpose of allowing Movant *to proceed with the State Court Action to eject Debtors*. …

Doc. No. 59, p.2 (emphasis added). The Stay Order was not appealed and is a final order of the court.

---

[1] *See,* Doc. No. 62-1, ¶10.

[2] The Debtors did not dispute any of these facts.

As a result, the State Court Action continued, and a Warrant for Removal was executed on May 30, 2025. Doc. 75, Ex. 2A. A review of the docket in the State Court Action[3] reveals that the Debtors filed several motions and Orders to Show Cause. Doc. 75, Ex. 3. During the hearing on September 30, 2025, the Debtors confirmed that one such Motion/Order to Show Cause in the State Court Action was to stay execution of the Warrant for Removal. Doc. No. 62-1, ¶23. The Debtors were not successful. *See e.g.,* Doc. 75, Ex. 4. The Debtors were evicted from the Property. Doc. 75, ¶12. Although they are evicted from the Premises, the Debtors stated during the hearing that there is an appeal pending in state court.

## DISCUSSION

As their basis for relief here, the Debtors baldly claim that "[u]nder New Jersey authorities, the Creditor Landlord had an affirmative duty to cooperate with all rental, energy, and other assistance programs, and continues to have that duty." Doc. No. 67-1, ¶12. The Debtors allege that post-petition and post-discharge Galloway and its agents failed to properly assist them in connection with the USF/LIHEAP Energy Assistance program. On February 5, 2025, the Debtors sent a blank lease verification form to Galloway needed for the energy assistance program. Galloway said it completed the form. The Debtors asked for a copy of the form from Galloway, but it was not sent. The Debtors did not follow up and have not alleged any further communication on this issue until May 28, 2025 when the State of New Jersey indicated that it did not receive the form. Doc. No. 67-1, ¶¶ 14-22. Therefore, the Debtors argue that:

> 26. As a result of the Galloway's "violation of the automatic stay in blocking the New Jersey 2025 Energy Assistance application through its refusal to complete the Lease Verification Form, which they had an affirmative duty to do under New Jersey law, the Debtors suffered substantial emotion distress in the frustration that the Creditor was blocking the energy assistance application, the belief that, notwithstanding their Chapter 7 bankruptcy filing, she might still be hounded by her creditors, even though the bankruptcy has been discharged, at a particularly vulnerable time when the Debtors were suffering from depression and anxiety.
>
> 27. As a result of the Creditor's violation of the automatic stay in blocking the New Jersey 2025 Energy Assistance application through its refusal to complete the Lease Verification Form, which they had an affirmative duty to do under New Jersey law, the Debtors suffered actual damages when the electric was shut off due in substantial part to the Landlord's refusal to complete and return the required Landlord Lease Verification Form.

---

[3] A federal court may take judicial notice of matters of record in state courts. *In re Soto*, 221 B.R. 343, 347 (Bankr. E.D. Pa. 1998).

Doc. No. 67-1, ¶¶ 26 and 27. During the hearing, the Debtors described actions taken by Galloway or its agents in connection with their eviction and damage and access to the Property after the Warrant of Removal was issued. They also claimed that Galloway sent them a demand for payment by way of a Move-Out Statement but confirmed that the items listed were for post-petition obligations such as rent and fees for post-petition charges. *See also*, Doc.75-10, ¶¶ 29-34 (Galloway explaining charges assessed on its Move-Out Statement were for post-petition charges only). The Debtors claim multiple damages as a result of Galloway's post-petition conduct.[4] S*ee generally*, Doc. No. 67-1. Of course, Galloway disputes that its conduct was unlawful and that the Debtors are entitled to any damages.

Everything which the Debtors complain of surrounds the alleged improper post-petition conduct resulting in the issuance of the Warrant of Removal and ultimate eviction. These events all took place post Possession Judgment and post-petition, and except for the one singular incident on February 7, 2025, post discharge and all at a time when the automatic stay was not in effect. As set forth below, the Debtors cannot meet their burden that Galloway violated the automatic stay and consequently, the Motion fails.

"In order to establish a claim [for an automatic stay violation] pursuant to § 362(k)(1), the moving party must show by a preponderance of the evidence that (1) the creditor violated the automatic stay; (2) the violation of the stay was willful; and (3) the willful violation caused some injury." *In re Scungio Borst & Assocs., LLC*, 652 B.R. 644, 652 (Bankr. E.D. Pa. 2023). First, at the time of the alleged bad conduct starting on February 5, 2025, there was no stay in effect. As noted above, the Debtors confirmed the entry of the Possession Judgment on their bankruptcy Petition. The entry of the Possession Judgment has significant implications. While the scope of the automatic stay is generally broad, "the filing of a petition does not operate as a stay of the continuation of an eviction of a tenant under a lease or rental agreement after the lessor has obtained a judgment for possession of such property against the debtor before the date of the bankruptcy petition." *In re Simpson*, 642 B.R. 255, 256 (Bankr. D.S.C. 2022). The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(b)(22), provides in relevant part:

\* \* \*

> **(b)** The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, *does not operate as a stay*—

\* \* \*

---

[4] Even if the court could find that Galloway's conduct was unlawful, which it does not, that would have absolutely no impact on the issue before the court — whether Galloway violated the automatic stay warranting an imposition of sanctions. In addition, the court would not have jurisdiction over a claim that arose post-petition and post-discharge under non-bankruptcy law — which, notably, the Debtors here allege their claims arise "under New Jersey authorities". Doc. No. 67-1, ¶¶12, 26 and 27. Certainly, the court has no jurisdiction over any claims that derive from conduct connected with the state court eviction and any such claims would belong entirely before the state court. Finally, considering the activity in the State Court Action after the Stay Order and discharge were entered, the court may be barred from hearing the Debtors' claims due to, the Entire Controversy Doctrine, *res judicata*, collateral estoppel, and/or claim and issue preclusion (even if it had jurisdiction to hear those claims — which it believes it does not). *In re Adams*, No. 24-1212, 2025 WL 2525854 (3d Cir. Sept. 3, 2025).

> **(22)** subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor *against a debtor* involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the *lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession* of such property against the debtor;

11 U.S.C. § 362(b)(22) (emphasis added).

Nevertheless, there is a safe harbor, section 362(l), which provides that the stay exception under section 362(b)(22) will not apply until 30 days after the petition date if the debtor files with the petition and serves an *Initial Statement About an Eviction Judgment Against You* (Form 101A) (the "Eviction Statement"). See 11 U.S.C. § 362(l)(1). The Eviction Statement "contains the necessary certification and negates the effect of section 362(b)(22), at least for a period of 30 days, and the pending eviction is automatically stayed. . ... The automatic stay may remain in force after the 30-day period if the debtor files a further certification that the entire monetary default that gave rise to the eviction judgment for possession has been cured. 11 U.S.C. § 362(l)(2)." *Simpson*, 642 B.R. at 256 (citing 3 COLLIER ON BANKRUPTCY ¶ 362.05[20] (16th ed. 2022)).

Specifically, section 362(l) provides:

> (l)(1) Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; *and*
>
> (B) the debtor (or an adult dependent of the debtor) has deposited the with the clerk of court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.
>
> * * *

11 U.S.C. § 362(l)(1)(A), (B) (emphasis added).

But as with every rule, there is an exception to this safe harbor. Section 362(l) further provides:
* * *

> (4) If a debtor, in accordance with paragraph (5), indicates on the petition that there was a judgment for possession of the residential rental property

> in which the debtor resides and does not file a certification under paragraph (1) or (2)--
>
> (A) subsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and
>
> (B) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22).
>
> * * *

11 U.S.C. § 362(l)(4)(A), (B).

Here, the Debtors acknowledged the Possession Judgment on their petition. Doc. No. 1., Part 2, p.3, § 11. Galloway obtained the Possession Judgment before the date of the filing of the Debtors' bankruptcy petition The Debtors signed and filed their Eviction Statement pursuant to section 362(l)(1). Doc. No. 3. On that form, the Debtors checked off the box that there are circumstances under which permit them to cure the entire monetary default to Galloway (the section 362(l)(1)(A) requirement). However, the Debtors did not check off the box[5] that they included the deposit of any rent that would become due during the 30-day period after filing the petition, nor did they deposit the rent that would be due to Galloway 30 days after their petition was filed (the section 362(l)(1)(B) requirement). *Id. See also* the court's Docket.[6] It is important to note that this requirement is not hidden in the Bankruptcy Code. Rather, the Eviction Statement itself, a document that the Debtors read and signed under penalty of perjury, contained clear and concise statement regarding the requirements of section 362(l)(1) and (2), to wit:

> **Stay of Eviction:** (a) **First 30 days after bankruptcy.** If you checked both boxes above, signed the form to certify that both apply, and served your landlord with a copy of this statement, the automatic stay under 11 U.S.C. § 362(a)(3) will apply to the continuation of the eviction against you for 30 days after you file your *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).
>
> (b) **Stay after the initial 30 days.** If you wish to stay in your residence after that 30-day period and continue to receive the protection of the automatic stay under 11 U.S.C. § 362(a)(3), you must pay the entire delinquent amount to

---

[5] In fact, it appears that the Debtors originally checked off the box but then scribbled out that check off and initialed their edit.

[6] The court may take judicial notice of the docket entries in this case. Fed. R. Evid. 201, incorporated in these proceedings by Fed. R. Bankr. P. 9017. *See In re Indian Palms Associates, Ltd.*, 61 F.3d 197, 204 (3d Cir. 1995), *Maritime Elec. Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1200 n. 3 (3d Cir. 1991); *In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir. 1942).

> your landlord as stated in the eviction judgment before the 30-day period ends. You must also fill out *Statement About Payment of an Eviction Judgment Against You* (Official Form 101B), file it with the bankruptcy court, and serve your landlord a copy of it before the 30-day period ends.

Eviction Statement, p.1 (emphasis in original). What is more, on December 27, 2024 (the day after the petition was filed), the Clerk's Office issued its *Clerk's Notice of Service of Certified Copy of Docket Report pursuant to 11 U.S.C. section 362(l)(4)(B)* and noting on the Docket that "[t]he debtor has not complied with the certification requirement(s) of 11 U.S.C. section 362(l)(1). The exception to the automatic stay pursuant to 11 U.S.C. section 362(b)(22) applies." Doc. No. 12.

Because the Debtors did not indicate that they included the deposit of any rent that would become due during the 30-day period after filing the petition, nor did they deposit the rent that would be due to Galloway as required on the Eviction Statement and under the Bankruptcy Code, there was no automatic stay in place. In fact, there was no stay in place immediately because "subsection (b)(22) *shall apply immediately* upon failure to file such certification . . .." 11 U.S.C. § 362(l)(4)(A). That is because the failure to check off a box on the Eviction Statement and/or the failure to make the required deposit, individually or collectively, results in the failure to make a certification of the kind necessary to invoke the safe harbor of 11 U.S.C. § 362(*l*)(1). *See In re Torres*, No. 21-20483 (JJT), 2021 WL 2189515, at *3 (Bankr. D. Conn. May 28, 2021):

> [t]he Debtors' failure here to make any certification . . . that they included the deposit of any rent that would become due during the 30-day period after filing the petition, in addition to not making any such payment, constitutes the failure to make a certification of the type required under 11 U.S.C. § 362(*l*)(1). This failure immediately triggered the applicability of Section 362(b)(22), and as a result, the filing of the Debtors' petition did not trigger the automatic stay under 11 U.S.C. § 362(a)(3) with respect to the Landlord's eviction proceeding against the Debtors.

*Id. See also In re Parker*, No. 08-00278, 2008 WL 2081536, at *1-3 (Bankr. D.D.C. May 8, 2008) (immediately no stay in effect where the debtor did not certify on his petition that he had included the deposit of any rent that would become due during the 30–day period after the filing of the petition, and the debtor did not in fact make a deposit into the court's registry); *In re Simpson*, 642 B.R. at 256–57 ("Form 101A must be filed with the petition for relief. Section 362(l)(4) clearly states that if a debtor does not file the certifications required by section 362(l)(1), then the exception to the stay found in section 362(b)(22) takes effect immediately, and the automatic stay does not apply to the continuation of the eviction proceeding") (citing *In re Harris*, 424 B.R. 44, 54 (Bankr. E.D.N.Y. 2010)). Finally, section 362(l)(1) "is inflexible with respect to the deadline for the debtor to cure the entire monetary default that gave rise to the judgment and filing and serving the required certification on the lessor. *In re Bowers*, 666 B.R. 374, 385 (Bankr. C.D. Cal. 2025) (citing numerous sources). This court agrees.

The Debtors' failure to make the certification in addition to not making a deposit constituted a failure to make a certification of the type required under 11 U.S.C. § 362(*l*)(1). This failure immediately triggered the applicability of Section 362(b)(22) which specifically provides that the

Debtors' bankruptcy filing did *not operate as a stay against the Debtors* because the filing of the Debtors' petition did not trigger the automatic stay. It is axiomatic that there can be no violation of the automatic stay if there was no automatic stay in place. For that reason, there was no stay in place as of the date of the filing of the Debtors petition for Galloway to violate so the Debtors cannot meet their burden on the first element required for an imposition of sanctions. *Scungio Borst & Assocs., LLC*, 652 B.R. 644, 652. The Debtors' Motion is DENIED.

Nevertheless, the court is compelled to address the allegations raised by the Debtors. To be sure, (even assuming the court can find that there was an automatic stay) the Debtors have not met their burden that Galloway violated the automatic stay during the one singular incident involving the lease verification form while the stay was in effect. The Debtors never even followed up on it until May 28, 2025 — after stay relief was specifically granted in favor of Galloway through the Stay Order. The court could not find any case law to support a finding that this type of conduct constitutes a violation of the stay, and the court finds that it does not. Indeed, the failure of the Debtors to follow up on the form until more than three months later warrants a finding that the Debtors were not truly adversely impacted by this one incident. There was simply no evidence and the court does not find it credible that the Debtors were "hounded" by this one lone incident.

As to the suggestion that Galloway's Move-Out Statement for post-petition rent and other charges violated the automatic stay, the court cannot come to the same conclusion. While the automatic stay is generally broad, "[p]roceedings or claims arising post-petition are not subject to the automatic stay." *Matter of M. Frenville Co., Inc.*, 744 F.2d 332, 335 (3d Cir. 1984), *overruled on other grounds by In re Grossman's Inc.*, 607 F.3d 114 (3d Cir. 2010) (overruled on other grounds recognized by *Chromagen Vision, LLC v. Eichenholtz*, No. CV 11-2860, 2011 WL 13227746, at *3 (E.D. Pa. Sept. 15, 2011)). In a chapter 7 case, an "action to obtain judgment for Debtor's post-petition failure to pay rent as the money judgment for post-petition rent is not a violation of the automatic stay." *In re Thompson-Mendez*, 321 B.R. 814, 816 n.2 (Bankr. D. Md. 2005). *See also In re Amiet*, No. 04-34083DWS, 2005 WL 1313528, at *3 (Bankr. E.D. Pa. May 20, 2005) ("actions in pursuit of post-petition damages do not trigger the automatic stay") (citing *Matter of Penn Cent. Transp. Co.,* 71 F.3d 1113, 1117 (3d Cir.1995) (claims arising post-petition are nondischargeable, hence the automatic stay is inapplicable)); *In re Reynard*, 250 B.R. 241, 244 (Bankr. E.D. Va. 2000); *In re Hudson,* 168 B.R. 448, 449 (Bankr. S.D. Ga., 1994); *In re Shuman*, 122 B.R. 317, 318 (Bankr. S.D. Ohio 1990) ("'[t]he automatic stay does not prohibit the prosecution of an action against a debtor based upon a claim that arose after the filing of the bankruptcy petition.'") (citing *Acevedo v. Van Dorn Plastic Machinery Co.,* 68 B.R. 495, 498 (Bankr. E.D.N.Y.1986)). The Debtors presented no evidence that the charges assessed on the Move-Out Statement were for anything but post-petition obligations and even conceded at the hearing that it contained charges for post-petition rent and items related thereto. The Debtors having failed to meet their burden in this regard warrants a Denial of the Motion on these grounds.

In addition, the Debtors cannot satisfy the first element necessary to find a willful violation of the automatic stay simply because the automatic stay was not in place as to Galloway as a result of the Stay Order when the Warrant of Removal was executed and eviction occurred. Again, there can be no violation of the automatic stay since the automatic stay did not exist as to Galloway after the court granted Galloway relief from the automatic stay to allow it to proceed with the eviction. Simply put, there was no automatic stay for Galloway to violate at the time it took its actions. And

most certainly, the court cannot and will not go back in time to reimpose the automatic stay to impose sanctions against Galloway for something it was permitted to do by way of the Stay Order. Such a result would be preposterous and completely inequitable. The Motion must be DENIED.

With reasonings set forth above, the court also adds that at the time of the alleged unlawful conduct and eviction, by operation of law, the automatic stay was not in effect. Section 362 of the Bankruptcy Code provides, in relevant part:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--
>
> * * *
>
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

11 U.S.C. § 362(c). The Debtors listed the Property as their residence on their Petition. Doc. No. 1., Part 1, p.2, §5. Under the Bankruptcy Code, property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Under this broad definition, "[a] residential lease is property of the bankruptcy estate in a chapter 7 case." *In re Watson*, 610 B.R. 747, 757 (Bankr. S.D.N.Y. 2020). Moreover, "a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541." *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990). Here, the Chapter 7 Trustee's Report of No Distribution in this case, Docket entry on March 5, 2025, reflects that the Debtors' assets were abandoned — effectively making the Debtors assets, including the Property and the Debtors' interest therein (possessory or otherwise), no longer property of the estate. "Following abandonment, the property abandoned reverts to the debtor, and is no longer property of the estate. *See Catalano v. C.I.R.*, 279 F.3d 682, 685 (9th Cir. 2002) ('Upon abandonment, the debtor's interest in the property is restored *nunc pro tunc* as of the filing of the bankruptcy petition.'); *In re St. Lawrence Corp.*, 239 B.R. 720, 723 (Bankr. D.N.J. 1999), *aff'd,* 248 B.R. 734 (D.N.J. 2000); *In re Fields*, No. 05-60595/JHW, 2006 WL 4455764, at *2 (Bankr. D.N.J. Oct. 24, 2006), *aff'd sub nom. Fields v. Bleiman*, No. 06-5451, 2007 WL 980444 (D.N.J. Mar. 29, 2007), *aff'd,* 267 F. App'x 144 (3d Cir. 2008). Consequently, under section 362(c)(1), once the property was abandoned in March 2025, there was no stay in effect as to property of the estate of which Galloway could have violated. Therefore, there can be no imposition of sanctions, and the Motion must be and is DENIED

Also, pursuant to 11 U.S.C. § 362(c)(2)(C) the automatic stay terminates at the time a discharge is granted so the stay could not have been violated. *See In re Mollo*, 196 F. App'x 102, 105 (3d Cir. 2006) (receiving a discharge terminated the automatic stay as to the debtors and their property); *In re Thomas*, 497 B.R. 188, 203 (Bankr. E.D. Pa. 2013) (Debtor's claim that creditor violated the stay after discharge is without merit); *In re Ramos*, 660 B.R. 343, 349 (Bankr. D.P.R.

2024) (finding that the creditor could not have violated the automatic stay under 11 U.S.C. § 362 because the Debtor's discharge had been entered) (citing *In re Munoz,* 287 B.R. 546, 551 (B.A.P. 9th Cir. 2002) ("[T]he existence of a discharge means that there is no automatic stay from which relief may be granted to permit an action against the debtor.")); *In re Copley*, 383 B.R. 621, 629 (Bankr. S.D. W. Va. 2008) (there can be no stay violation after the automatic stay had terminated). The automatic stay cannot be reimposed by operation of 11 U.S.C. §362(c) because it automatically terminated once the Property and the Debtors' interest in it was no longer property of the bankruptcy estate as well as, due to the entry of their discharge on April 4, 2025. Because under section 362(c)(2) there was no stay in effect as to property of the estate of which Galloway could have violated, there can be no imposition of sanctions, and the Motion must be and is DENIED.

Finally, the entire theory on which the Debtors base their request for relief to have the court (when there was no automatic stay in place to begin with, and even if there was, that stay terminated by operation of law before Galloway took any actions, and even if it did not terminate by operation of law when Galloway had obtained stay relief before taking any actions) reimpose the stay retroactively to sanction Galloway for its conduct as a stay violation, is fatally flawed. The Debtors cited no law demonstrating their absurd theory that the automatic stay can be reimposed or sprung back retroactively after it has been terminated – especially for the specific purpose of sanctioning a creditor. To the contrary, the court found numerous cases that support the conclusion that the automatic stay ***cannot*** be reimposed and/or sprung back retroactively in a case where it was terminated or expired by operation of law. *See e.g., In re Parker*, 624 B.R. 222, 230 (Bankr. W.D. Pa. 2021) (citing numerous cases that hold and finding that a bankruptcy court has no authority to retroactively reimpose the automatic stay); *In re Searcy*, 313 B.R. 439, 443 (Bankr. W.D. Ark. 2004) ("[a]lthough the bankruptcy code permits the court to retroactively grant a relief from stay by annulling the stay, there is no authority that permits the court to retroactively impose a stay."); *In re Gargani*, 398 B.R. 839, 840 (Bankr. W.D. Pa. 2009) (citing *Searcy*, 313 B.R. 439, "there is no authority that permits the court to retroactively impose the stay."); *In re DiGiovanni*, 415 B.R. 120, 127 (Bankr. E.D. Pa. 2009) (citing *Gargani*, 398 B.R. 839, "the automatic stay is not reimposed retroactively by reinstating the case."); *In re Singleton*, 358 B.R. 253, 261 (D.S.C. 2006) ("this court is unaware of any authority that grants the bankruptcy court power to retroactively *impose* a stay."); *In re Garrett*, 357 B.R. 128, 131 (Bankr. C.D. Ill. 2006) (stay expired by operation of law under section 363(c) - court cannot use of equitable powers under section 105 to reimpose stay); and *In re Holloway*, 565 B.R. 435, 438 (Bankr. M.D. Ala. 2017) (when vacating dismissal order, automatic stay cannot be made retroactive to impose stay to events occurring after dismissal but before reinstatement of case). The court certainly found NO case where a court reimposed the automatic stay and then imposed sanctions on a creditor who took actions while there was no stay in place. This court agrees with these courts and will not retroactively reimpose the automatic stay. The court cannot use its equitable powers to correct what the Debtors believe is a harsh result due to the operation of the law. *In re Martinez*, 515 B.R. 383, 386 (Bankr. S.D. Fla. 2014).

All of this, taken with the facts that the Debtors: (1) failed to abide by section 362(l) thereby immediately terminating the automatic stay; (2) provided no basis to find that Galloway's conduct violated the automatic stay; and (3) the court also having granted Galloway relief from the automatic stay to proceed with the eviction convinces the court that there is absolutely no basis to grant the extraordinary relief the Debtors seek in their Motion. There is NO cause of action under their theory

that there was a stay violation or that the stay can be reimposed retroactively in order for the court to find a stay violation. Consequently, the Motion is DENIED.

## CONCLUSION

For all of the foregoing reasons, the Debtors' Motion to Enforce the Automatic Stay Against Creditor Galloway Apartments and Award Damages to The Debtors for The Automatic Stay Violation is hereby DENIED. The court has issued and order simultaneously herewith.

Date: October 2, 2025  /s/ Andrew B. Altenburg, Jr.
Judge, United States Bankruptcy Court